IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| SARAH LEFLAR, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>    v.<br><br>HP INC.,<br><br>    *Defendant*. | Case No. 4:22-cv-00690-BRW |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

**I.      INTRODUCTION**

This case concerns Defendant's unlawful practice of providing warranties to consumers that purport to prohibit the use of third-party repair or parts.  Such "tying" provisions in consumer warranties—whether explicit or implicit—are prohibited by the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*. ("Magnuson-Moss" or "MMWA").  Per the Federal Trade Commission,

> Restricting consumers and businesses from choosing how they repair products can substantially increase the total cost of repairs, generate harmful electronic waste, and unnecessarily increase wait times for repairs. In contrast, providing more choice in repairs can lead to lower costs, reduce e-waste by extending the useful lifespan of products, enable more timely repairs, and provide economic opportunities for entrepreneurs and local businesses.[1]

---

[1] *Policy Statement of the Federal Trade Commission on Repair Restrictions Imposed by Manufacturers and Sellers*, Federal Trade Commission, https://www.ftc.gov/system/files/documents/public_statements/1592330/p194400repairrestrictionspolicystatement.pdf (last accessed August 3, 2022).

1

Plaintiff alleges that Defendant's representations regarding its product warranties would lead a reasonable consumer to believe that those warranties prohibit third-party repair or parts. *See, e.g.,* Complaint ("Compl.") (Dkt. No. 2) at ¶¶ 32-38.  Plaintiff commenced this Action on June 23, 2022 in the Circuit Court of Lonoke County, Arkansas, Civil Division,[2] asserting a single Count alleging a violation of MMWA.  Compl. ¶¶ 62-71.

On August 1, 2022, Defendant filed its Notice of Removal (Dkt. No. 1), asserting jurisdiction under 28 U.S.C. 1332(d), as amended pursuant to the Class Action Fairness Act of 2005 ("CAFA").

Pursuant to 28 § U.S.C. § 1447, Plaintiff now moves to remand this Action to state court. As set forth below, this Court lacks subject matter jurisdiction over Plaintiff's lone claim under MMWA, which contains unique jurisdictional requirements for class actions brought in federal court.  Specifically, MMWA mandates that (1) each class member's claim be worth at least $25; (2) the amount in controversy be at least $50,000; and (3) the complaint contain at least 100 named plaintiffs.  *Id.* at § 2310(d)(3)(A)-(C).  These requirements are conjunctive, and the absence of any one of them deprives this Court of jurisdiction and requires remand.  *Id*.  *See, also, Howard v. Bow Wow Properties I, Inc.*, No. 4:20 CV 1631 CDP, 2021 WL 51406, at *3 (E.D. Mo. Jan. 6, 2021).

Defendant is incorrect that CAFA can serve as a basis for jurisdiction.  *See, generally*, Dkt. No. 1.  Most courts considering the interplay between CAFA and MMWA hold that even if a plaintiff asserts additional, non-MMWA claims that independently give rise to CAFA jurisdiction, it is still improper to exercise supplemental jurisdiction over the MMWA claim if §

---

[2] *Sarah Leflar v. HP Inc.*, No. 43-CV-22-380

2

2310(d)(3)'s criteria are not met.[3] To hold otherwise would be to find that CAFA impliedly repealed MMWA, and there is no support for this extraordinary proposition.[4]

Even among the courts that exercise supplemental jurisdiction over an MMWA claim, there must first be a distinct claim or claims—unique from MMWA—establishing CAFA jurisdiction.[5] It is self-evident that one cannot exercise supplemental jurisdiction if there is not existing federal jurisdiction to supplement. In this Action, there are no claims beyond the MMWA Count, so there are no claims to provide the basis for CAFA jurisdiction. Supplemental jurisdiction of the MMWA claim is improper.

Finally, even if CAFA applied to Plaintiff's MMWA claim—and it does not—Defendant still fails to demonstrate that the stakes of the litigation could be valued at $5,000,000 or more. Defendant's removal papers rely on an imprecise and fatally over-inclusive calculation of damages and costs, and fail to carry the burden of persuasion even by a preponderance of the evidence.

Because the Complaint does not satisfy the jurisdictional requirements of 15 U.S.C. § 2310(d)(3), and because CAFA cannot provide an alternate basis for jurisdiction of Plaintiff's MMWA claim, this Court lacks subject-matter jurisdiction. Plaintiff respectfully requests that the Court remand this Action to state court.

II.     **LEGAL STANDARD**

A federal court's jurisdiction to hear a case must be established before virtually any other matter is addressed. *Ashley v. U.S. Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005) (A court must "assure [itself] that jurisdiction exists…before proceeding to the merits.") (citing

---

[3] *See,* Section III.B, *infra*.
[4] *Id.*
[5] *See,* Section III.C, *infra*.

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Hampton Pugh Co. LLC v. Monsanto Co.*, No. 3:17-CV-200-DPM, 2018 WL 295563, at *2 (E.D. Ark. Jan. 4, 2018) (quoting 28 U.S.C. § 1447(c)).

Federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) (internal citations omitted). "As federal courts are courts of limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Dakota, Minnesota & E. R.R. Corp. v. Schieffer*, 715 F.3d 712 (8th Cir. 2013) (quoting *Kokkonen*, 511 U.S. at 377). As this Court has observed, "[i]n addition to Eighth Circuit precedent, the leading treatise on federal jurisdiction counsels courts to decide doubtful cases in favor of remand…. 'This rule rests on the inexpediency, if not unfairness, of denying the motion for remand and thereby exposing the plaintiff to the possibility of winning a final judgment in federal court, only to have it determined on appeal that the court lacked subject-matter jurisdiction, which would require the proceeding to be repeated in state court.'" *JM Oilfield Serv. Inc. v. Lile*, No. 1:10-CV-53-DPM, 2011 WL 65952, at *1 (E.D. Ark. Jan. 7, 2011) (quoting 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739, at 793–95 (4th ed.2009)).

### III.     ARGUMENT

#### A.  The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Only Claim.

##### i. None of MMWA's three requirements for federal subject matter jurisdiction are satisfied.

MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter … may bring suit for damages and other legal and equitable relief (A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States[.]" 15 U.S.C. § 2310(d)(1).

However, MMWA provides specific limitations for cases brought in federal court:

> No claim shall be cognizable in a suit brought [in an appropriate district court of the United States]—
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3); *see, also Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021) ("Magnuson-Moss has additional jurisdictional criteria for federal-question jurisdiction.") (citing 15 U.S.C. § 2310(d)(3)).

Here, none of the three jurisdictional requirements are met, and this Action cannot be maintained in this Court.  First, "Plaintiff solely seeks equitable and declaratory relief individually." (Compl. ¶ 19).  Thus he does not "assert[] an individual claim for damages at all" (*id.*), and the requirement of 15 U.S.C. § 2310(d)(3)A) is not met.

Similarly, because Plaintiff only seeks injunctive and declaratory relief individually and on behalf of the class, the aggregate value of the claims cannot exceed MMWA's separate jurisdictional threshold of $50,000. 15 § 2310(d)(3)(B).

Finally, "§ 2310(d)(3)(C) stat[es] that the complaint must *name* at least one hundred plaintiffs to be 'cognizable' in federal court." *Floyd v. Am. Honda Motor Co.*, No. 2:17-CV-08744-SVW-AS, 2018 WL 6118582, at *3 (C.D. Cal. June 13, 2018), *aff'd in part, vacated in part, remanded,* 966 F.3d 1027 (9th Cir. 2020) (emphasis original). Here, the Complaint names only one plaintiff, Steven Chambers, and MMWA's third jurisdictional requirement is not met.

If any one of the elements of 15 U.S.C. § 2310(d)(3) are not met, then this Court lacks subject matter jurisdiction over Plaintiff's claim. *See Ware*, 6 F.4th at 731. Here, not a single element is satisfied. Thus there is no federal jurisdiction conferred by MMWA, and the Court must remand this Action consistent with § 2310(d)(3) and 28 U.S.C. § 1447(c).

### B. CAFA Does Not Provide An Alternative Basis For Jurisdiction Over The Class's MMWA Claim.

Because the Court must remand Plaintiff's MMWA claim—the lone claim in this case—CAFA cannot provide an alternative basis for subject matter jurisdiction.[6] To hold otherwise would mean that CAFA impliedly repealed MMWA's jurisdictional requirements. But "repeals by implication are disfavored," and when two statutes are "capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1017–18 (1984) (*quoting Reg'l Rail*

---

[6] As discussed below in Section III.C, district courts that allow Magnuson-Moss claims to proceed on a classwide basis do so by exercising CAFA jurisdiction over *separate* state law claims, and then exercising supplemental jurisdiction over the plaintiffs' MMWA claims. Plaintiff takes no position on the correctness of this result, as it is distinguishable from the case at bar. Regardless, here there are no claims beyond the MMWA claim, and thus there are no claims that independently support CAFA jurisdiction.

*Reorganization Act Cases*, 419 U.S. 102, 133–34 (1974)); *see also J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 142 (2001) ("The rarity with which [the Court has] discovered implied repeals is due to the relatively stringent standard for such findings, namely, that there be an irreconcilable conflict between the two federal statutes at issue.")). "When confronted with two Acts of Congress allegedly touching on the same topic, this Court is not at 'liberty to pick and choose among congressional enactments' and must instead strive 'to give effect to both.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018) (*quoting Morton v. Mancari*, 417 U.S. 535, 551 (1974)).

The substantial weight of authority is clear that CAFA does not supersede MMWA's jurisdictional requirements. The most extensive analysis came in the recent Ninth Circuit opinion, *Floyd v. American Honda Motor Co.*, 966 F.3d 1027 (9th Cir. 2020). In *Floyd,* the plaintiffs filed a putative class action in district court, raising a federal claim under MMWA, which the district court dismissed, holding that the MMWA claim was not cognizable due to the complaint's failure to name one hundred plaintiffs. 966 F.3d, at 1030–31. The Ninth Circuit affirmed, concluding that CAFA did not supersede MMWA on this issue:

> CAFA allows certain claims to proceed under diversity jurisdiction, while the MMWA provides for a distinct [federal] claim to be brought in federal court[.] … The two statutes would have to present an irreconcilable conflict to overcome the strong presumption against implied repeals. See *J.E.M. AG Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 141–42, 122 S.Ct. 593, 151 L.Ed.2d 508 (2001). But the statutory language of the MMWA and of CAFA is not irreconcilable—the MMWA simply prevents claims under that Act from proceeding in federal court absent the satisfaction of certain jurisdictional prerequisites. See *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976) ("It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum."). We can easily give effect to that command and apply CAFA in all other cases.

*Floyd*, 966 F.3d at 1035.  The Court went on: "[c]onstruing CAFA to provide jurisdiction over MMWA claims despite Plaintiffs' failure to satisfy the plain-language requirement of at least one hundred named plaintiffs would have the effect of overriding a part of the MMWA." *Id.*  But the Congressional intent to repeal a statute must be "clear and manifest." *Id.* (quoting *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 662, 127 S.Ct. 2518, 168 L.Ed.2d 467 (2007)).  "Although CAFA was enacted thirty years after MMWA … CAFA does not demonstrate any intent by Congress to repeal or alter parts of the MMWA's jurisdictional requirements. Therefore, CAFA may not be used to evade or override the MMWA's specific numerosity requirement[.]" *Id.* [7]

Nor is *Floyd* an outlier.  Considering an identical argument in the Southern District of New York, Judge Rakoff held that the notion that CAFA could supersede MMWA "is flatly contradicted by the plain text of the MMWA [which] provides that '[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection'—*i.e.*, a suit brought under the MMWA in federal district court—unless the MMWA's independent jurisdictional requirements are met." *Ebin v. Kangadis Food Inc.*, No. 13 CIV. 2311 JSR, 2013 WL 3936193, at *1 (S.D.N.Y. July 26, 2013); *see also MacDougall v. Am. Honda Motor Co.*, No.

---

[7] The Supreme Court's ruling in *Epic*, cited by the *Floyd* court in its analysis, is instructive as the stringency of the test to find implied repeal: there, the Supreme Court held that employees must individually arbitrate their class claims against their employer because there was no conflict between the Federal Arbitration Act and the National Labor Relations Act.  138 S. Ct. at 1630, 1632.  The plaintiffs argued that Section 7 of the NLRA, which provides for collective bargaining and "the right to self-organization" displaced the Federal Arbitration Act.  138 S. Ct., at 1624. "But [the NLRA]…does not even hint at a wish to displace the Arbitration Act—let alone accomplish that much clearly and manifestly, as our precedents demand." *Id*.  This reasoning applies with equal force—and compels the same result—in the instant matter.  CAFA is silent as to MMWA, and there is no "clear[] and manifest[]" intent evidenced by Congress for the former to displace the latter.

8

SACV1701079AGDFMX, 2017 WL 8236359, at *4 (C.D. Cal. Dec. 4, 2017) ("Boiled down, [the] argument that the Court can exercise jurisdiction over [a] Magnuson-Moss Act claim through CAFA is nonsensical. CAFA—a basis for federal courts to exercise jurisdiction over state law disputes between diverse parties—doesn't fill in the gaps for missing substantive requirements of a federal law."); *Short v. Hyundai Motor Co.*, 444 F. Supp. 3d 1267, 1288 (W.D. Wash. 2020) ("To contend that a plaintiff may bring a federal question claim under the MMWA, a federal statute providing federal question jurisdiction, through CAFA, a statutory basis for federal courts to exercise diversity jurisdiction, makes little sense."); *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020) (A party "may not use CAFA as a means to evade the explicit jurisdictional requirements of the MMWA.")[8]

---

[8] *See, also Cadena v. American Honda Motor Co., Inc.*, 2019 WL 3059931, at *11 (C.D. Cal. May 29, 2019) (holding that "the weight of more recent authority is that the 100-plaintiff requirement cannot be supplanted by the prerequisites for exercising diversity jurisdiction under CAFA"); *Patterson v. RW Direct, Inc.*, 2018 WL 6106379, at *2 (N.D. Cal. Nov. 21, 2018) (dismissing MMWA claim with prejudice because the 100 named plaintiffs requirement was not satisfied); *Pilgrim v. Gen. Motors Co.*, 408 F. Supp. 3d 1160, 1169 (C.D. Cal. 2019) ("In this case, there are only fifty-seven named Plaintiffs, which is far less than the number required to allege a cognizable MMWA class action claim. Because Plaintiffs have failed to comply with the requirements of the MMWA, the Court must dismiss Plaintiffs' MMWA claim."); *Rivera v. Chadrad Motors, LLC*, No. 3:21-CV-83 (RNC), 2021 WL 6750676, at *4–5 (D. Conn. June 9, 2021) (dismissing MMWA claim because plaintiffs' "damages could not amount to $50,000.00 or more, so the Court lacks jurisdiction over their MMWA claim."); *Jager v. Boston Rd. Auto Mall, Inc.*, No. 14 Civ. 614 (LLS), 2015 WL 235342, at *4 (S.D.N.Y. Jan. 16, 2015) ("by enacting the specific jurisdictional limitations for Magnuson-Moss claims in federal court, Congress foreclosed the exercise of supplemental jurisdiction over Magnuson-Moss claims for less than $50,000"); *Montanez v. D & D Auto, LLC*, No. 3:15-CV-397 (VAB), 2016 WL 1254199, at *8 (D. Conn. Mar. 29, 2016) ("[F]ederal courts cannot exercise supplemental jurisdiction over [MMWA] claims, unless the amount in controversy requirements the Act provides are satisfied."); *In re Subaru Battery Drain Prod. Liab. Litig.*, No. 1:20-CV-03095-JHR-JS, 2021 WL 1207791, at *19 (D.N.J. Mar. 31, 2021) ("plaintiffs 'may not use CAFA as a means to evade the explicit jurisdictional requirements of the MMWA.'") (quoting *Powell*, 2020 WL 6886242, at *19).

9

### C. Courts Exercising Supplemental Jurisdiction Over MMWA Claims Only Do So If CAFA Is Satisfied Already by Other, Independent Claims.

In contrast to the Ninth Circuit's holding in *Floyd,* the Sixth Circuit has held in an unpublished opinion, *Kuns v. Ford Motor Co.,* that CAFA "can render a district court a court of competent jurisdiction and permit it to retain jurisdiction where the CAFA requisites are met but the MMWA requisites are not." 543 F. App'x 572, 574 (6th Cir. 2013).

Critically, however, in *Kuns* the plaintiffs advanced additional state law claims, which in and of themselves conferred CAFA jurisdiction. *Id.* at 573 (identifying plaintiffs' companion state law claims of breach of express warranty and breach of implied warranty). Without taking a position as to the legal correctness of exercising supplemental jurisdiction over an MMWA claim if separate claims confer jurisdiction under CAFA,[9] virtually every federal court exercising jurisdiction over an MMWA claim in the class context did so when independent claims conferred CAFA jurisdiction. *See, e.g., Gelis v. Bayerische Motoren Werke Aktiengesellschaft*, No. 2:17-CV-07386, 2018 WL 6804506, at *7 (D.N.J. Oct. 30, 2018) ("Courts routinely permit putative class actions with fewer than 100 named plaintiffs to proceed with MMWA claims where, as in this case, the court has jurisdiction under some other statute. Because Plaintiffs' MMWA claims rise and fall with their warranty claims, discussed and upheld except for one count...the MMWA claims generally survive as well.") (internal citation omitted); *See, also Stella v. LVMH Perfumes and Cosmetics*, 564 F.Supp.2d 833, 835 (N.D. Ill. 2008) (additional claims included, *inter alia*, Illinois Consumer Fraud and Deceptive Business Practices; breach of implied warranty; strict liability; and negligence *per se*); *Dack v.*

---

[9] It perhaps is worth noting that the author of the Ninth Circuit's *Floyd* opinion was the Hon. Danny J. Boggs, of the Sixth Circuit, sitting by designation, who not only considered the *Kuns* opinion but explicitly disagreed with its analysis and outcome. 966 F.3d, at 1033–34.

10

*Volkswagen Grp. of Am.*, 565 F. Supp. 3d 1135, 1139 (W.D. Mo. 2021) (additional claims included multiple state consumer protection laws, breach of warranty, breach of implied warranty, and unjust enrichment); *Woo v. Am. Honda Motor Co.*, 462 F. Supp. 3d 1009, 1016 (N.D. Cal. 2020) (exercising supplemental jurisdiction over MMWA claim because "[t]t is undisputed that the Court has, under CAFA, diversity jurisdiction over the Second through Ninth Causes of Action."); *McCalley v Samsung Electronics America, Inc.*, 2008 WL 878402 (D.N.J. Mar. 31, 2008) (additional claims of New Jersey Consumer Fraud Act, breach of express warranty, and breach of implied warranty); *Payne v. Fujifilm U.S.A., Inc.*, 2007 WL 4591281 (D.N.J. Dec. 28, 2007) (same); *McGee v. Continental Tire North Am., Inc.*, 2007 WL 2462624 (D.N.J. Aug. 27, 2007) (same); *McWhorter v. Elsea, Inc.*, No. 2:00-CV-473, 2007 WL 1101249, at *10 (S.D. Ohio Apr. 11, 2007) ("[T]he Court retains pendent jurisdiction for the McWhorters' MMWA claim because all other class claims are properly before the Court.").[10]

In contrast, "[i]f the MMWA is a [party's] *sole* basis for asserting federal jurisdiction, then that plaintiff needs to meet the MMWA's extra jurisdictional requirements." *Barclay v. ICON Health & Fitness, Inc.*, No. 19-CV-2970 (ECT/DTS), 2020 WL 6083704, at *7 (D. Minn. Oct. 15, 2020) (emphasis original) (collecting cases); *see, also Howard v. Bow Wow Properties I, Inc.*, No. 4:20 CV 1631 CDP, 2021 WL 51406, at *3 (E.D. Mo. Jan. 6, 2021) (remanding class action advancing claims only under MMWA, where § 2310(d)(3) was not satisfied). Thus, regardless of whether this Court adopts the reasoning exemplified by *Floyd* or by *Kuns*, there is

---

[10] Plaintiff is aware of two opinions in which a single MMWA claim was advanced, over which the court exercised CAFA jurisdiction. *Chavis v. Fidelity Warranty Services, Inc.*, 415 F. Supp. 2d 620 (D.S.C. 2006); *Clark v. Wynn's Extended Care*, No. 06-cv-2933, 2007 WL 922244 (N.D. Ill. Mar. 23, 2007). For the reasons set forth, *supra*, these cases reached the incorrect result in finding that CAFA impliedly repealed MMWA's jurisdictional requirements.

11

no vehicle by which to exercise supplemental jurisdiction over an MMWA claim in this Action, as it is the lone count in Plaintiff's Complaint. This case must be remanded.

### D. Defendant Fails to Plausibly Allege That The Amount in Controversy Exceeds CAFA's Jurisdictional Threshold.

Assuming *arguendo* that CAFA impliedly repealed MMWA's separate jurisdictional requirements,[11] Defendant's removal papers fail to satisfy even CAFA's threshold requirements. Critically, Defendant does not convincingly prove that the matter in controversy exceeds the sum or value of $5,000,000. Rather, Defendant miscasts Plaintiff's Complaint and the relief sought, and then makes unrealistic assumptions as to a plausible damages model, all of which wildly overinflates the amount in controversy. When viewed through a more realistic lens, Defendant's assertions in its removal papers—provided without declaration or affidavit or any other empirical evidence in support—do not prove by a preponderance of the evidence that CAFA's amount in controversy requirement is satisfied.

First, Defendant mischaracterizes and exaggerates Plaintiff's claim and the relief sought. The Complaint makes clear that challenges language in Defendant's warranty "and additional representations thereto, lead consumers to believe that third-party repair will void the warranty." Compl. ¶ 32; *id.* at ¶ 40 ("Despite the unambiguous requirements of Magnuson-Moss, HP continues to represent to its customers both explicitly and implicitly that third-aprty repair— indeed, merely *opening* its products—with void the customer's Warranty."; *id.* at ¶ 57(ii) (identifying as a common issue "the appropriate relief to ensure Defendant no longer illegally conditions its warranties on the exclusion of third-party repair").

---

[11] For the reasons set forth above, it did not.

Defendant recasts these unambiguous statements and states "[b]ecause the Complaint purports to enforce warranty rights of the putative class to have their products repaired or replaced under the warranty, and because putative class members would incur the cost of purchasing a replacement product if they could not exercise such warranty rights, [the entirety of HP sales in Arkansas] are a direct measure of the amount placed in controversy by Plaintiff's claims." Dkt. No. 1 at 5-6.  Not so.

First, the purpose of Plaintiff's litigation is to achieve the right to have third-party repair of Defendant's laptops, without said repair voiding the warranty.  It does not follow that in the absence of such relief, *any* class member would "incur the cost of purchasing a replacement product if they could not exercise such warranty rights."  Instead, the class members would simply be bound by Defendant's unlawful tying provisions and would be forced to get all repairs done via Defendant's authorized servicers (for in-warranty repair), or else avail themselves of third-party repair shops and have their warranty voided.  But in neither scenario would any class member be forced to buy a *new* laptop, or any other electronic device warranted by Defendant.  Thus, far from Defendant's sales figures (which, again, were not provided) being "a direct measure of the amount placed in controversy," they instead are a red herring.

Defendant is closer to the mark when it states "[m]oreover, there are pecuniary costs associated with warranty compliance and processing warranty claims." Dkt. No. 1 at 6.  But Defendant provides no data as to what those costs are.  Nor can it simply rely on the entirety of those costs, as that methodology would rest on an incorrect assumption: namely, that *all* of the warranty compliance and processing costs would be the result of the relief obtained by Plaintiff (i.e., they would result from Defendant being precluded from voiding warranties on products receiving third-party repair).  But this is not plausible.  Indeed, it is counterfactual, as Defendant

acknowledges that it already incurs costs for honoring its existing warranty on its products. *Id*. These are *existing* costs borne by Defendant to honor its warranty as it presently is written, and nothing in this litigation changes that number.

The proper valuation of the amount in controversy is whatever additional costs HP will bear by being precluded from voiding warranties of products with third-party repair or parts—or the delta between what it already incurs in warranty costs and what it plausibly anticipates it would incur if it could not void warranty coverage based solely on the existence of third-party repair or parts. Defendant has not provided that information to the Court, and thus not demonstrated by a preponderance of the evidence the amount in controversy. *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this Action to state court pursuant to 28 U.S.C. § 1447(c).

Dated: August 8, 2022						Respectfully Submitted,

/s/ David Slade
David Slade (ABN 2013143)
slade@wh.law
Brandon Haubert (ABN 2013137)
brandon@wh.law
wh LAW
1 Riverfront Place, Suite 745
Tel: (501) 891-6000
Fax: (501) 222-3027

Jerry Kelly (ABN 84085)
jkelly@kellylawfirm.net
KELLY LAW FIRM, PA
118 N. Center
P. O. Box 500
Lonoke, AR 72086
Phone:  501-676-5770
Fax:  501.676.7807

*Attorneys for Plaintiff and the proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

                                                            */s/ David Slade*
                                                          DAVID SLADE