## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| SARAH LEFLAR,<br><br>    Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>    Defendant. | **Case No. 4:22-cv-00690-RW** |

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant HP Inc. (hereinafter "HP"), respectfully submits this memorandum brief in support of its Motion to Dismiss Complaint Pursuant To Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure ("Motion"). For the reasons stated in HP's motion and in this brief, Plaintiff Sarah Leflar's Complaint should be dismissed.

### I.    INTRODUCTION

Plaintiff brings this putative class action over HP's alleged conditioning of its product warranty upon a prohibition against third-party repairs. Plaintiff alleges that she purchased a laptop subject to HP's warranty and, although she doesn't allege that she experienced any laptop damage, attempted any third-party repair, or was denied a warranty claim based on third-party repair, she perceives herself to be restricted from having a third party repair her laptop. In other words, Plaintiff contends that HP will void the warranty if a consumer utilizes third-party repair services. Based on these allegations, Plaintiff alleges one cause of action under the Magnuson-Moss Warranty Act ("MMWA"), which prohibits conditioning a warranty upon the consumer's use of a specific brand of product or repairs. She seeks to represent a class of all Arkansas

citizens who purchased an HP product from June 23, 2021, through the present. Plaintiff has failed to allege sufficient facts to plausibly state a cause of action against HP because she has not suffered actual damages and because the documents upon which she bases her claim directly contradict her allegations.

MMWA authorizes a private right of action for "a consumer who is damaged" by a violation of the statute. Based on this limitation, courts have held that, in order to state an actionable MMWA claim, the consumer must show that they have sustained actual damage, proximately caused by the defendant's failure to comply with the MMWA. Courts have explained that the statute does not create a cause of action for a consumer who merely paid for a warranty that is "technically illegal" under the statute. Yet, that is precisely Plaintiff's position. Because Plaintiff has not alleged that her HP laptop suffered any damage, that she was prevented from having such damage repaired by a third party, or that HP rejected a warranty claim based on third-party repairs, she has not alleged *actual damage*, as required to state a claim under the MMWA. Plaintiff's Complaint should be dismissed on this ground alone.

Moreover, the Complaint fails to state a claim because the warranty at issue and additional documents upon which Plaintiff relies directly contradict her allegations and demonstrate no violation of the MMWA. In order to cobble together an argument that HP will void a product's warranty if third party services are utilized, Plaintiff misquotes and misconstrues numerous different parts of HP's warranty, and she inserts words and concepts that are nowhere within the actual warranty at issue.

First, Plaintiff claims that the warranty provides that HP owns all component parts removed from its products, such that consumers would be required to send back to HP any components that they or a third party remove, and she claims that HP declares this is the

"exclusive remedy" for defective products. Thus, Plaintiff argues that other attempts to repair outside this "exclusive remedy" must be prohibited. However, the language Plaintiff cites about product removal plainly applies to component parts removed "under this HP Limited Warranty"; in other words, if a consumer makes a warranty claim and HP replaces a component part of a laptop while repairing the product under the warranty, HP owns and keeps the removed component part rather than returning it to the consumer. Meanwhile, the warranty separately states that having HP repair, replace, or provide a refund for a product is the consumer's "exclusive remedy"; this unambiguously refers to the scope of warranty HP is providing to consumers and does not reference third parties whatsoever.

Plaintiff further contends that an HP customer support website states that the warranty is void if there is damage to or missing warranty seals, screws, or foil, or if the serial number label is damaged. However, the actual document contains no such language. Rather, it plainly states that the warranty does not extend to *damage* that is not the result of a manufacturing defect or failure, and it describes the types of *damage* that are not covered under the warranty. Thus, consumers cannot make a warranty claim for repair or replacement of damage such as a missing seal, screw, or foil, or a damaged serial number label. There is no language indicating that the *product* is not covered under warranty if these types of damage exist. (Separately, the Complaint includes one picture of a hard drive whose label explicitly states that the warranty will be void if the label is removed, but the image is not of an HP product or from an HP website and is thus wholly irrelevant.)

Plaintiff also attempts to ground her claim in two pictures that other users uploaded to an online discussion forum hosted by HP's website. For each, the user uploaded the photo with a question about whether sticker seals placed on their products will void the warranty if broken.

These images fail to support Plaintiff's claim for multiple reasons. First, *the photos are entirely unrelated to and do not demonstrate any impact on Plaintiff*. Second, the discussion threads do not establish that HP affixed the stickers in question, and in fact one of the users *explicitly states that the sticker seal was placed by a non-HP-authorized entity.* Third, one of the discussion threads was posted in February 2016, far outside the statute of limitations for Plaintiff's claim and outside the Class Period.

Finally, Plaintiff quotes a misleadingly shortened excerpt of the warranty, which she claims states that the warranty is void if the serial number has been damaged or modified due to third-party repairs. However, the unedited language states that the warranty does not apply to products *from which* the serial number has been removed *or that* are damaged due to specific circumstances, including third-party repairs. The warranty in no way states that it does not extend to a product whose serial number label has been damaged – so long as the serial number has not been *removed*.

In sum, Plaintiff's allegations regarding HP's warranty are contradicted and unsupported by the very documents she cites in the Complaint as the bases for her claims. Under these circumstances, the Court is not required to accept either her allegations or the conclusions from those allegations as true. With those allegations disregarded, and, based on the warranty and HP customer support document incorporated into the Complaint, Plaintiff has failed to allege adequately any violation of the MMWA.

For these reasons and as set forth in greater detail below, HP respectfully requests that the Court grant HP's Motion and dismiss Plaintiff's claims against HP, without leave to amend.

II.    **SUMMARY OF ALLEGATIONS AND FACTS INCORPORATED BY REFERENCE**

    A.    **HP Sells Products Subject To a Limited Warranty.**

        1.    The HP Limited Warranty Sets Forth What Damage Is And Is Not Covered Under The Warranty.

HP produces, markets, and sells consumer goods, including laptop computers. Complaint ("Compl."), ¶ 2. HP provides consumers with a Hardware Limited Warranty (the "Warranty"), which is available online at: https://www.hp.com/us-en/privacy/limited_warranty.html. Compl., ¶¶ 2, 33 fn. 11; Declaration of William A. Waddell, Jr.  ("Decl."), Ex. A (https://www.hp.com/us-en/privacy/limited_warranty.html).[1] Under this Warranty, HP agrees to repair, replace, or refund products that suffer a manufacturing defect or failure:

---

[1] When ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Podraza v. Whiting*, 790 F.3d 828, 837 (8th Cir. 2015) (citation omitted). The court may take judicial notice of publicly available websites that are capable of accurate and ready determination. Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *Brakebill v. Jaeger*, 905 F.3d 553, 562 n. 5 (8th Cir. 2018) (court appropriately took judicial notice of state's official website, where party was on notice the court may rely on it and did not object); *Anderson v. Driskill*, 550 F. Supp. 3d 596, 604 n. 27 (E.D. Ark. 2021) (taking judicial notice of location information available on Google Earth website pursuant to Fed. R. Evid. 201).

Here, the Court may consider Exhibits A – E attached to the Decl., because Plaintiff explicitly incorporates them into the Complaint by reference and they are "capable of accurate and ready determination." HP respectfully requests that the Court take judicial notice of Exhibits A – E, which per the accompanying authenticating declaration are true and correct copies of the website pages identified in the Complaint by their URL addresses. Decl., ¶¶ 2-7; Fed. R. Evid. 201(b)(2); *Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 529 F. Supp. 3d 940, 959 – 960 (D.S.D., Mar. 29, 2021) (granting request to take judicial notice of certain webpage screenshots accompanied by declaration of authenticity); *Burns v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:14-CV-02208, 2015 U.S. Dist. LEXIS 180160, at *4-5 (W.D. Ark. Apr. 23, 2015) ("In deciding a motion to dismiss, the Court may consider documents that are 'necessarily embraced

> To the extent permitted by local law, HP guarantees that it will repair, replace, or refund, at HP's option, an HP Hardware Product that manifests a defect in materials or workmanship during the Limited Warranty Period, if you, the end-user customer, provides HP with notice of a defect in your HP Hardware Product during the Limited Warranty Period.

*Id.*; Decl., Ex. A, at 1.

The Warranty provides that, if HP conducts repairs under the warranty (meaning the customer made a claim and HP is repairing the product in response to the claim), HP has the right to replace component parts. Compl., ¶ 33 fn.11; Decl., Ex. A, at 2. If it does so, HP is not required to return the removed component parts that it replaced; rather HP owns the removed parts:

> All component parts or hardware products removed **under this HP Limited Warranty** become the property of HP unless otherwise stipulated by applicable local law.

*Id.* (emphasis added), at 2.

The Warranty provides that it does not apply to any *product* from which the serial number has been removed or that has been damaged as the result of improper use:

> This HP Limited Warranty . . . does not extend to any HP Hardware Product from which the serial number has been removed or that has been damaged or rendered defective
>
> - as a result of accident, misuse, liquid spills, abuse, contamination, improper or inadequate maintenance or calibration, or other external causes;
> - by operation outside the usage parameters stated in the user documentation that shipped with the HP Hardware Product;
> - by software, interfacing, parts or supplies not supplied by HP;
> - by improper site preparation, maintenance or environmental conditions that do not conform to HP's site specifications;
> - by virus, infection, worm, or similar malicious code not introduced by HP;
> - by loss or damage in transit;
> - by modification or service by anyone other than HP or an HP authorized service provider; or

---

by the complaint,' including, in this instance, the warranty that Burns alleges was breached."), citing *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

- by improper installation of end-user replaceable HP or HP approved parts if available for your HP Hardware Product in the servicing country or region.

Compl., ¶ 33 fn.11; Decl., Ex. A, at 2.

2.      HP's Website Further Illustrates Damage Not Covered By The Warranty.

HP also provides additional information on its website illustrating the scope of coverage

provided by the Warranty. *See* Compl., ¶ 31 fn.11, fn. 12; Decl., Ex. B

(https://support.hp.com/us-en/document/ish_1997171-1363803-16). One document on its

website is titled, "HP PCs - Damage not covered by the HP Standard Limited Warranty," and

explains:

> When damage to your computer is not the direct result of a manufacturing defect or failure, it might not be covered by the HP Standard Limited Warranty. The HP Standard Limited Warranty does **not** cover the following:
>
> - Damage caused by attempts at self-repair or a non-authorized service provider
> - Failure or damage resulting from misuse, abuse, accident, modification, unsuitable physical or operating environment, natural disasters, power surges, improper maintenance, or use not in accordance with the product information guide
> - Failure of, or damage caused by, any third-party products, including those that HP might provide or integrate into the HP product at your request
> - Any technical or other support, such as assistance with "how-to" questions and those related to product setup and installation
> - Products or parts with an altered or missing identification label

*Id*. (emphasis in original), at 1.

The article goes on to provide examples of damage the Warranty does not cover. *Id.*

Notably, the article does not state that the entire *product* is not covered by the Warranty if these

types of damage exist, only that the types of *damage* identified are not covered:

> The HP Standard Limited Warranty does not cover internal *damage* that is not the direct result of a manufacturing defect or failure.
> . . .
> The HP Standard Limited Warranty does not cover hard drive or memory *damage* that is not the direct result of a manufacturing defect or failure.

Compl., ¶ 31 fn.11, fn. 12; Decl., Ex. B, at 1, 8 (emphasis added). The article provides specific examples and photos of damage not covered under the Warranty, including "[d]amage to the warranty seal, screw, or foil." *Id.*

**B.    Plaintiff Alleges That HP Has Conditioned Its Warranty Upon Consumers' Use of HP Repair Services.**

Plaintiff alleges that HP "lead[s] consumers to believe that third-party repair will void the warranty." Compl, ¶ 32. Plaintiff premises this contention on the following examples, each of which is associated with a respective linked webpage: (1) the Warranty states that "component parts or hardware products removed under this HP Limited Warranty become the property of HP . . . ." and HP's alleged statement that this process is the "exclusive remedy for defective products" (*id.*, ¶ 33); (2) HP's placement of "Warranty Seals" on the inside of components, together with its statement that broken warranty seals are damage not covered under the Warranty (*id.*, ¶ 35, Fig 1); (3) an image from a third-party website of a Western Digital hard drive that includes language stating that the "warranty will be void if the seal, label, or cover is removed or damaged" (*id.*, ¶ 35, Fig. 2); (4) HP's statement that missing screws are damage not covered under the Warranty (*id.*, ¶ 36 fn.15); (5) images of stickers that other users uploaded to a discussion forum, one of whom explicitly acknowledged that the sticker was not placed by HP or an HP authorized facility (*id.*, ¶ 37, Figs. 4-5); and (6) HP's supposed statement that the warranty doesn't extend to products with damaged or modified serial number labels, coupled with examples on its website of serial number damage, which Plaintiff believes to be "minor, inevitable wear and tear" (*id.*, ¶ 38, Fig. 6).

**C.      Plaintiff Purchased an HP Laptop.**

In August 2021, Plaintiff purchased a consumer laptop computer that was manufactured by HP and subject to the Warranty. Compl., ¶¶ 2, 49. Plaintiff does not allege that the laptop she purchased has any defect or damage, that she attempted to have her laptop repaired by a third-party repair service, or that HP has denied any claim she has made under the Warranty on the basis of a third-party having repaired the laptop. *See generally*, *id.* Plaintiff alleges that she anticipates buying a new laptop in the future, and she would consider purchasing a laptop from HP. *Id.*, ¶ 51.

**D.      Plaintiff Commences This Action.**

Plaintiff brings one cause of action against HP, for violation of the MMWA, 15 U.S.C. § 2302(c). She seeks to represent a putative class of "[a]ll citizens of Arkansas who purchased a product subject to Defendant's Warranty within the Class Period." Compl., ¶ 53.

## III.      <u>LEGAL STANDARD</u>

"To survive a motion to dismiss [brought pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Every complaint must, at a minimum, "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678)). For purposes of the motion, the Court must "accept as true all facts pleaded by the non-moving party

and grant all reasonable inferences from the pleadings in favor of the nonmoving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation marks omitted).

However, the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick*, 944 F.3d at 717; *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (A court is not required to "blindly accept the legal conclusions drawn by the pleader from the facts."). The complaint must contain sufficient facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676-78.

Further, the Court need not accept as true factual allegations that contradict exhibits to the complaint or judicially noticeable facts. *Pietoso, Inc. v. Republic Servs.*, 4 F.4th 620, 623 n.4 (8th Cir. 2021), citing *Kaempe v. Myers*, 367 F.3d 958, 963, 361 U.S. App. D.C. 335 (D.C. Cir. 2004); *Yanbin Yu v. Apple Inc.*, 1 F.4th 1040, 1046 (U.S. Fed. Cir. 2021), citing *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) ("[i]n ruling on a 12(b)(6) motion, a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification.").

## IV.   ARGUMENT

Plaintiff brings one cause of action, for violation of the MMWA, specifically 15 U.S.C. § 2302(c). Compl., ¶¶ 62-71. Section 2302(c) of the MMWA provides that "[n]o warrantor of a consumer product may condition his written or implied warranty of such product on the consumer's using, in connection with such product, any article or service (other than article or service provided without charge under the terms of the warranty) which is identified by brand, trade, or corporate name." 15 U.S.C. § 2302(c). Plaintiff alleges that HP violates this "anti-tying"

provision by conditioning coverage under the Warranty upon the consumer's use of HP products and services. *Id.*, ¶ 68. This claim fails both because Plaintiff has not sustained actual damages and because it is not supported by the exhibits to the complaint and judicially noticeable facts.

### A.    Plaintiff's Claim Fails For Lack Of Damages.

Plaintiff's claim fails as a matter of law because she has not attempted to utilize the Warranty and she thus has not sustained actual damages.

The MMWA provides that "a consumer who is *damaged* by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter . . . may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1) (emphasis added). Based on this language, "[t]he majority of the federal courts that have addressed the matter . . . have held that a plaintiff 'is required to show that he has sustained actual damage, proximately caused by [the defendant's] failure to [comply] . . . with the MMWA,' in order to state an actionable MMWA claim." *McGarvey v. Penske Auto. Grp., Inc.*, 639 F. Supp. 2d 450, 456-57 (D.N.J. 2009) (reconsidered on other grounds) (citing cases); *see also Sasso v. Tesla, Inc.*, 2022 U.S. Dist. LEXIS 21557, at *26 (E.D.N.C. 2022) ("To bring suit, then, a plaintiff must plausibly allege 'he has sustained actual damage, proximately caused by' the defendant's alleged failures"); *Atchole v. Silver Spring Imps., Inc.*, 379 F. Supp. 2d 797, 802 (D. Md. 2005) (same); *Moroz v. Alexico Corp.*, 2008 U.S. Dist. LEXIS 1166, at *15 (E.D. Pa. 2008) ("courts have rejected attempts to base a MMWA claim solely on the defendant's failure to comply with [the MMWA's statutory requirements]"). This is because the MMWA is designed to provide remedies for *breaches* of warranty.  *Id*.

In fact, Congress established that, not only must there be a breach, but also a failure to cure, before a suit under the MMWA can be maintained. *See* 15 U.S.C.S. § 2310 ("No action …

may be brought under subsection (d) for failure to comply with any obligation under any written or implied warranty or service contract, and a class of consumers may not proceed in a class action under such subsection with respect to such a failure … unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply."); *see also Cunningham v. Fleetwood Homes of Ga.*, 253 F.3d 611, 618 (11th Cir. 2001) ("prior to bringing suit for breach of warranty, a consumer must give persons obligated under the warranty a reasonable opportunity to 'cure' the failure to comply with the obligations at issue."); *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (same).

As a result, violation of the anti-tying provision of the MMWA, by itself, is not sufficient to bring a claim under the MMWA. Relevant to this case, in *McGarvey*, the plaintiffs brought a class action alleging a violation of the MMWA's anti-tying provision under 15 U.S.C. § 2310(d)(1). *McGarvey*, 639 F. Supp. 2d at 452. The court rejected their claims because "Plaintiffs have not had the need to use the warranty, they do not allege that any of the Defendants breached its terms." *Id.*, at 454. Specifically, "because Plaintiffs have not alleged that they incurred actual damages as a result of Defendants' alleged MMWA violation, the claim they seek to assert pursuant to the MMWA itself is unsustainable." *Id.* at 455.

The *McGarvey* court explained that a plaintiff cannot sustain a claim under MMWA based on a "technical" violation without actual damages:

> It is readily apparent that by restricting the class of MMWA plaintiffs to consumers "damaged" by a defendant's MMWA violation, Congress did not intend to afford a right of action to a consumer who merely "paid for a warranty that was technically illegal under the statute." Rather, a plaintiff "is required to show that he has sustained actual damage, proximately caused by [the defendant's] failure to [comply] . . . with the MMWA," in order to state a claim under the MMWA, as the majority of federal courts to have considered the question have concluded.

*Id.* at 456-57. The *McGarvey* court further confirmed this principle upon reconsideration, "[t]he MMWA does not consider a party to have been injured merely by agreeing to a warranty with a tying provision, and only provides for redress when some additional injury has occurred as a result of a violation of the MMWA." *McGarvey v. Penske Auto. Grp., Inc.*, 2011 WL 1325210, at *7 (D.N.J. 2011).

 *McGarvey* is directly on point here. Plaintiff alleges that HP's Warranty violates the anti-tying provision of the MMWA (Compl., ¶¶ 5, 22), but she concedes that she did not suffer (and does not seek) damages in this action. *Id.*, ¶ 19 ("neither Plaintiff nor any member of the putative Class asserts an individual claim for damages at all"). Instead, Plaintiff brings suit solely because the warranty is allegedly unlawful. (Compl., ¶ 50.) Plaintiff's claim thus suffers the same deficiency and requires the same fate as the *McGarvey* plaintiffs; because Plaintiff has not sustained injury as a result of HP's alleged violation, her claim must be dismissed for lack of actual damages. *McGarvey*, 639 F. Supp. 2d at 454; *McGarvey*, 2011 WL 1325210, at *7.

### B. The Sources Upon Which The Complaint Relies Contradict Plaintiff's Allegations And Demonstrate That HP Has Not Violated The MMWA.

 Even if Plaintiff could allege damages, her claim would still fail. Plaintiff premises her claim on a series of examples, which she supports with embedded pictures and links to websites. However, the sources upon which she relies directly contradict her assertions about HP's Warranty. The Court thus does not need to accept as true Plaintiff's characterizations about HP's warranty. *See Pietoso, Inc.*, 4 F.4th at 623 n.4, citing *Kaempe*, 367 F.3d at 963, 361 U.S. App. D.C. 335 (D.C. Cir. 2004); *Yanbin Yu v. Apple Inc.*, 1 F.4th 1040, 1046 (U.S. Fed. Cir. 2021), citing *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017).

Because Plaintiff's substantive allegations should be disregarded, there are insufficient allegations to state a claim against HP under the MMWA.

      1.    <u>The Warranty Does Not Require As Part Of Consumers' "Exclusive Remedy" That They Return Component Parts That Third Parties Remove.</u>

The Complaint cites to the following language in the Warranty and claims that it provides that the "exclusive remedy for defective products" is a process whereby "every piece of the product that is replaced is the property of HP and must be returned to HP":

> All component parts or hardware products removed under this HP Limited Warranty become the property of HP unless otherwise stipulated by applicable local law. In the unlikely event that your HP Hardware Product has recurring failures or HP determines it is unable to repair or replace the HP Hardware Product, HP, at its option, may elect to provide you with (a) a replacement unit selected by HP that is the same or functionally equivalent to your HP Hardware Product in performance or (b) to give you a refund or credit of your purchase price or lease payments (less interest) instead of a replacement. To the extent permitted by local law, this is your exclusive remedy for defective products.

Compl., ¶¶ 33-34. This language on its face unambiguously contradicts Plaintiff's characterization.

The quoted language contains two points. First, all component parts removed "under this HP Limited Warranty . . . become the property of HP . . . ." *Id.* This language plainly means that if a consumer has exercised their rights under the Warranty, and HP removes and replaces component parts from the product in the course of repair, HP keeps the removed parts rather than returning them to the consumer with the repaired product. Second, after stating that, if unable to repair or replace a product, HP may elect to provide a functionally equivalent product or a refund, the Warranty states that "this is your exclusive remedy for defective products." *Id.* The clear meaning of this language is that the only remedies a consumer has from HP under the Warranty are for the product to be repaired or replaced and, if that is not possible, for HP to provide a functional equivalent or refund. *See id.*

The excerpt Plaintiff quotes has no language whatsoever about third-party repair services or voiding the Warranty. *See* Compl., ¶ 33.

2.     HP Does Not Indicate That The Warranty Is Void If "Warranty Seals" Are Removed Or Damaged.

Next, Plaintiff argues that HP places warranty seals on the inside of components "and purports to void the Warranty if they show signs of being tampered with." Compl., ¶ 35. In support of this contention, Plaintiff cites: (1) an HP Customer Support webpage that describes damage not covered by the Warranty and (2) a now-defunct third-party website's picture of a Western Digital hard drive. *Id.*, ¶ 35. Neither supports Plaintiff's allegation.

First, Plaintiff cites HP's Customer Support webpage, which is titled, "HP PCs – Damage not covered by the HP Standard Limited Warranty." Compl., ¶ 35. The Complaint includes two images from that page, under the heading, "EXAMPLES OF BROKEN HDD WARRANTY SEALS." *Id.* Plaintiff asserts that these seals "may not be removed without voiding the warranty." *Id.* However, HP's Customer Support webpage contains no such language. The images Plaintiff includes are embedded on HP's webpage directly below the following text:

**Hard drive and memory damage not covered by warranty**
The HP Standard Limited Warranty does not cover hard drive or memory damage that is not the direct result of a manufacturing defect or failure.

Review the list and examples of hard drive or memory damage not covered by the warranty.

- Damage to the warranty seal, screw, or foil
- Damage to cable connectors or ports
- Damage to the panel

EXAMPLES OF BROKEN HDD WARRANTY SEALS

Compl., ¶ 35 Fig. 1, fn. 13; Decl., Ex. B, at 8-9. This language states that it is providing examples of *damage* that is not covered under the Warranty. *Id.* Thus, if a product has damage to

15

the warranty seal, screw, or foil, *that damage* is not covered under the Warranty, and the consumer cannot submit a claim for repair or replacement of the warranty seal, screw, or foil under the Warranty. *Id.* The language does not limit coverage under the Warranty as to any other damage on a product that has a damaged warranty seal, screw, or foil. *Id.*

Notably, the website does not say that the *product* is not covered under the Warranty if there exists damage to a warranty seal, screw, or foil. Compl., ¶ 35 Fig. 1, fn. 13; Decl., Ex. B, at 8. By contrast, the Warranty explicitly states that it "does not extend to any HP Hardware *Product* from which the serial number has been removed . . . ." *Id.*, ¶ 33, fn. 11; Decl., Ex. A, at 2 (emphasis added). Nor does the website state that the warranty is void if there exists damage to a warranty seal, screw or foil. Here, Plaintiff has erroneously conflated the Warranty not covering specific types of *damage* with the Warranty not covering the entire *product* based on the existence of certain types of damage.

Second, Plaintiff includes an image of a Western Digital hard drive, purportedly from this website: https://www.dealscoop.com/computer-storage/hard-drives-and-solid-state-drives/hp-120gb-5400rpm-sata-2-5-454999-001-renewed/. Compl., ¶ 35, Fig. 2, fn. 14. The website address is not functional; it states that it is "Down for Maintenance" and that the website is for sale. Decl., Ex. C (https://www.dealscoop.com/computer-storage/hard-drives-and-solid-state-drives/hp-120gb-5400rpm-sata-2-5-454999-001-renewed/). Regardless, the website does not belong to HP, and the Western Digital hard drive that is pictured is not affiliated with HP. *Id.* As such, any language that Western Digital placed on its hard drive is wholly irrelevant to HP's Warranty and does not support Plaintiff's claim in this action.

    3.    <u>HP Does Not Indicate That The Warranty Is Void If Screws Are Removed</u>
        <u>Or Damaged.</u>

Plaintiff goes on to assert that "HP prohibits certain screws from being removed on a product's or component part's casing, and threatens to void the Warranty if they are missing (as it indicates that the product has been opened)." Compl., ¶ 36. Plaintiff includes an image from HP's Customer Support webpage, with the heading, "EXAMPLE OF AN HDD WITH A MISSING SCREW." *Id.* This allegation is erroneous for the same reason as set forth above regarding the warranty seals.

The image Plaintiff includes for this assertion is embedded on HP's Customer Support webpage directly below the images of warranty seals discussed above (*supra*, Section IV.B.2.). Again, that language describes examples of *damage* that is not covered under the Warranty, which it then follows with images of such examples. Compl., ¶ 36 Fig. 3, fn. 16; Decl., Ex. B, at 8-9. As such, this website indicates that a consumer cannot submit a claim under the Warranty to have a missing screw repaired or replaced. The language does not state that the entire *product* is not covered by the Warranty if a screw is missing. *Id.* And again, nowhere does the warranty state that the warranty will be void if such damage exists.

    4.    <u>Images That Unknown Users Uploaded To An Online Discussion Forum</u>
        <u>Do Not Support Plaintiff's Claim.</u>

Plaintiff next alleges that HP "plac[es] a Warranty Seal over a single screw in a product's casing to prevent the entire product from being opened (and thus repaired by anyone other than HP)." Compl., ¶ 37. Plaintiff supports this assertion with two images that were uploaded to a discussion forum on HP's website. *Id.*, Figs. 4-5, fns. 17-18. These images do not support Plaintiff's claim against HP for multiple reasons.

First, and most fundamentally, these allegations do not relate to Plaintiff, and Plaintiff cannot base a claim against HP upon the supposed experience of an unknown other person. *Green v. Skyline Highland Holdings LLC*, No. 4:17-CV-00534 BSM, 2018 U.S. Dist. LEXIS 98403, at *12-13 (E.D. Ark. June 12, 2018) ("Plaintiffs cannot simply rely on allegations of damages to unidentified class members to support their breach of contract claim."), *citing Warth v. Seldin*, 422 U.S. 490, 502, 95 S. Ct. 2197, 2207 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

Nor does Plaintiff's Complaint even demonstrate that *HP* affixed the stickers depicted in the photographs. The Complaint contains a link to the website from which Plaintiff obtained Figure 4, which is an online discussion forum hosted on HP's website, where users can submit questions to the community. *See* Comp., ¶ 37, Fig. 4, fn. 17; Decl., Ex. D (https://h30434.www3.hp.com/t5/Notebook-Hardware-and-Upgrade-Questions/Warranty-seal-sticker/td-p/7046524). The link Plaintiff cites is a discussion thread titled, "Warranty seal sticker," in which a user identified as Theodor_LH_Yu stated that he went to a repair center that placed stickers on his products, indicating that the warranty would be void if removed, and he asked the community if they had seen this type of sticker before. Comp., ¶ 37, Fig. 4, fn. 17; Decl., Ex. D.

In posting this question, the user explicitly stated that he did *not* go to HP or an HP-authorized service center, and he acknowledged that HP stated that parts can be replaced by customers:

> . . . I went to local HP repair center(**they said not a HP authorized  service center and under HP**) and they replaced the new display for me. However they left on sticker on one of the screw at bottom case . . .

So, I would like to ask anyone see a sticker like this after your machine repaired. Since I didn't find any sticker like this on Google at another place and **HP stated some part can be replaced by customer** such as memory module/SSD of 840 G5.

Decl., Ex. D, at 2 (emphasis added). The user included a photo of the sticker he was asking about and, in a subsequent post on the same thread, he posted a photo of a second sticker placed by the same repair center: "Also I have another 840G2 which serviced by them and has a same sticker also sticked on one of the screw[.]" *Id.*, at 4. This second photo is what Plaintiff includes in the Complaint as Figure 4. *See* Compl., ¶ 37, Fig. 4, fn. 17; Decl., Ex. D. Because the sticker depicted in the photo was not affixed to the computer by HP, it fails to support Plaintiff's claim.

As to the other sticker pictured in the Complaint, neither the Complaint nor the linked webpage contain information about from where Figure 5 originates. The Complaint links to another discussion thread on the HP Community site, posted by AngelitoAstilla and titled, "Warranty Seal in Desktop PC." Compl., ¶ 37, Fig. 5, fn. 18; Decl., Ex. E (https://h30434.www3.hp.com/t5/Desktops-Archive-Read-Only/Warranty-Seal-in-Desktop-PC/m-p/5488788). The user posts a photo of a sticker seal without explanation of from where the sticker originated; further, the text on the sticker is not readable in the photo, and the discussion thread does not contain an answer to the user's question. *Id.* Regardless, the photo does not support Plaintiff's claims because (1) it does not relate to Plaintiff, and (2) it was posted on February 7, 2016, which is outside the statute of limitations. *Burns*, 2015 U.S. Dist. LEXIS 180160, at *5-6 (claims for breach of express and implied warranty in violation of MMWA were barred by 4-year statute of limitations).

5. <u>HP's Examples Of Damage To Serial Numbers Do Not Conflict With The Warranty Limitation Regarding Removal Of Serial Number.</u>

Finally, Plaintiff asserts that HP's Customer Support website communicates that the Warranty will be void based on "minor, inevitable wear and tear [to the serial number label] that would arise in the course of repair." Compl. ¶ 38. Plaintiff makes this argument through a misleading edit to the Warranty and by mixing and matching two different topics addressed on HP's Warranty and Customer Support webpage.

First, Plaintiff cites to the portion of the Warranty restricting coverage for any product from which the serial number has been removed or that has been damaged or rendered defective under certain circumstances. Compl., ¶ 38. This portion of the Warranty states: "This HP Limited Warranty . . . does not extend to any HP Hardware Product **from which** the serial number has been removed **or that** has been damaged or rendered defective [as a result of various enumerated reasons, including] . . . by modification or service by anyone other than HP or an HP authorized service provider." Compl., ¶ 33 fn.11; Decl., Ex. A, at 2 (emphasis added).

Under straightforward grammar principles, the "from which" and "or that" in this sentence both apply to "any HP Hardware Product."[2] Thus, the sentence identifies two types of products to which the Warranty does not extend: (1) a product from which the serial number has been removed; or (2) a product that has been damaged or rendered defective as the result of various circumstances. The Complaint distorts the meaning of this language by collapsing the

---

[2] In this sentence, the phrase "from which the serial number has been removed" describes "any HP Hardware Product." The use of "that" signals that the phrase "that has been damaged or rendered defective" also describes "any HP Hardware Product" and that the phrase grammatically cannot refer to "serial number." The modifying phrase "damaged or rendered defective" could not relate to "serial number" unless the word "that" were removed from the sentence.

two modifying phrases into one and misrepresenting that the Warranty states that it is void if "the serial number has been removed…by modification or service by anyone other than HP or an HP authorized service provider." Compl., ¶ 38. This characterization of the Warranty is not supported by the actual language of the Warranty.

Next, Plaintiff refers to HP's Customer Support webpage regarding damage not covered under the warranty. Compl., ¶ 38. The images the Complaint embeds appear on the HP webpage under the following language:

> **Internal component damage not covered by warranty**
> The HP Standard Limited Warranty does not cover internal damage that is not the direct result of a manufacturing defect or failure.
> . . .
> - Damage to component serial numbers

Compl., ¶ 38, Fig. 6, fn.21; Decl., Ex. B, at 1, 6-7. The webpage then includes examples of the internal component damage that is not covered by warranty, including the two images the Complaint includes, under the heading, "EXAMPLES OF HDD SERIAL NUMBER LABEL DAMAGE." *Id.* The clear meaning of this language is that *damage* to component serial numbers is not covered by the Warranty, such that no claim for repair or replacement of the serial number labels may be made to under the Warranty. *Id.* The language in no manner states that the Warranty does not extend to a *product* whose serial number label has damage. *Id.*

Taking the Warranty and this HP Customer Support webpage together, if a serial number label is damaged for any reason, coverage under the Warranty for the overall product is not impacted – unless the serial number is actually *removed*. *See* Decl., Exs. A-B. Plaintiff tries to argue otherwise, by (1) misrepresenting that the Warranty voids coverage if a serial number label is modified based on third party repairs and (2) misrepresenting that the Customer Support webpage indicates that the Warranty will not cover *products* with certain types of damage, rather

than only describing *damage* that is not covered. The plain language of these documents directly contradicts Plaintiff's allegations.

Because the documents and images upon which Plaintiff bases her allegations do not support her allegation that HP ties its warranty to HP products and HP repairs, the Court need not accept Plaintiff's allegations as true. *See Pietoso, Inc.*, 4 F.4th at 623 n.4, citing *Kaempe*, 367 F.3d at 963, 361 U.S. App. D.C. 335 (D.C. Cir. 2004); *Yanbin Yu v. Apple Inc.*, 1 F.4th 1040, 1046 (U.S. Fed. Cir. 2021), citing *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017). Plaintiff has not alleged any other facts that support a claim for violation of the MMWA, and thus this claim should be dismissed.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, HP respectfully requests that its motion to dismiss be granted in its entirety and Plaintiff's Complaint dismissed, without leave to amend.

Respectfully submitted,

WILLIAM A. WADDELL, JR.
ARK BAR ID NO. 84154
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201-3522
Telephone:  (501) 376-2011
waddell@fridayfirm.com

*Attorneys for Defendant, HP Inc.*