IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SARAH LEFLAR                                                                                      PLAINTIFF

v.                                                 4:22-CV-00690-BRW

HP, INC.                                                                                          DEFENDANT

## ORDER

Pending are Plaintiff's Motion to Remand (Doc. No. 8) and Defendant's Motion to Dismiss (Doc. No. 10). The parties have responded and replied.[1] For the reasons set out below, the motion to remand is GRANTED and the motion to dismiss is DENIED AS MOOT.

I.  **BACKGROUND**

This case arises out of the warranties Defendant provides with computers that it manufactures and sells. Plaintiff alleges the warranties prohibit the use of third-party repair or parts in violation of the Magnuson-Moss Warranty Act ("MMWA").[2]

Plaintiff filed her Complaint on June 23, 2022 in the Circuit Court of Lonoke County, Arkansas, alleging a violation of the MMWA.[3] On August 1, 2022, Defendant filed its Notice of Removal,[4] asserting jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff now moves to remand the case to state court.

Plaintiff contends I lack subject matter jurisdiction over her claim under the MMWA, which contains some unique jurisdictional requirements for class actions brought in federal court.

---

[1] Doc. Nos. 13,14, 19, 20.

[2] Doc. No. 2; 15 U.S.C. §§ 2301, *et seq*.

[3] Doc. No. 2.

[4] Doc. No. 1.

1

Alternatively, Plaintiff contends that remand is also appropriate because Defendant failed to meet the $5,000,000 amount-in-controversy threshold for CAFA removal.[5]

Defendant contends the case should be dismissed for failure to state a claim for which relief can be granted under Federal Rules of Civil Procedure 12(b)(6) because Plaintiff has failed to allege actual damages under the MMWA, or otherwise failed to sufficiently plead the elements of her claim.[6]

## II.     DISCUSSION

### A.     Motion to Remand

Plaintiff moves to remand, arguing that "this Court lacks subject matter jurisdiction over Plaintiff's lone claim under MMWA" because her Complaint does not satisfy the MMWA's jurisdictional requirements, and CAFA cannot provide an alternate basis for jurisdiction her claim.[7]

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree."[8] "A defendant may remove a state law claim to federal court only if the action originally could have been filed there."[9] Since Defendant removed this case to federal court, it bears the burden of

---

[5]Doc. Nos. 8, 9.

[6]Doc. Nos. 10, 11.

[7]Doc. No. 9.

[8]*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[9]*In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005)).

establishing jurisdiction by a preponderance of the evidence.[10] I am "required to resolve all doubts about federal jurisdiction in favor of remand."[11]

### 1. MMWA Jurisdiction Under CAFA

The MMWA provides:

> a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief--
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.[12]

Plaintiff contends that cases brought into federal court under the MMWA only fall under subsection B, which includes the following specific jurisdictional requirements:

> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection--
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.[13]

Plaintiff asserts that remand is required under the MMWA because her lawsuit as alleged in her Complaint does not meet these conditions for federal jurisdiction.

---

[10]See *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).

[11]*Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (quoting *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)).

[12]15 U.S.C.A. § 2310(d)(1)(A)-(B).

[13]§ 2310(d)(3)

Defendant contends that federal courts have jurisdiction under either subsection A or B in the appropriate circumstances including removal under CAFA. The later-enacted CAFA provides for federal jurisdiction over diversity class actions when the amount in controversy exceeds $5 million and there are at least 100 named and putative plaintiffs.[14]

Plaintiff argues I should follow *Floyd v. Am. Honda Motor Co.*,[15] in deciding this issue. In *Floyd*, the Ninth Circuit reasoned that the jurisdictional requirements in the MMWA and CAFA do not present an "irreconcilable difference" and must be read in a manner that gives effect to both statutes.[16]  There, the court stated, "[i]t is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum."[17]  The court relied on the Supreme Court's presumption against implied repeals, and  concluded CAFA should not override or repeal the MMWA in the absence of clear legislative intent to do so.[18]  The  court found CAFA did not replace the jurisdictional requirements of the MMWA, and affirmed the dismissal of the plaintiffs MMWA claim for failure to satisfy its 100 named plaintiff jurisdictional requirement.[19]

---

[14]28 U.S.C. § 1332(d).

[15]966 F.3d 1027 (9th Cir. 2020).

[16]*Id.* at 1035.

[17]*Id.* (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976)).

[18]*Id.*

[19]*Id.*

In response, Defendant argues that in the absence of authority from the Eighth Circuit, I should follow two district court decisions within the Eighth Circuit in *Barclay v. ICON Health & Fitness, Inc.*[20] and *Dack v. Volkswagen Grp. of Am.*[21]

In *Barclay*, the court explained that the MMWA authorizes jurisdiction in two venues: (1) "any court of competent jurisdiction in any State or the District of Columbia," and (2) "an appropriate district court of the United States," and that the MMWA's jurisdictional requirements applies only to the second venue (an appropriate district court).[22] The court found that because it had jurisdiction under CAFA, it was a "court of competent jurisdiction in any State," and the MMWA's jurisdictional requirements did not apply in that situation.[23] In support of its decision, the court cited a decision from the Sixth Circuit in *Kuns v. Ford Motor Co.*,[24] where the circuit court affirmed the district court's finding that it could exercise jurisdiction under CAFA even if it did not have jurisdiction under the MMWA, because "CAFA was passed with the clear intention of expanding federal court jurisdiction over class actions".[25]

The court in *Dack*, agreed, as do I, that the analysis in *Barclay* is the better approach.[26] Satisfaction of the MMWA's jurisdictional requirements is not necessary in light of my jurisdiction under CAFA. Accordingly, Plaintiff's motion to remand is denied on this point.

---

[20]No. 19-2970, 2020 WL 6083704, at *7 (D. Minn. Oct. 15, 2020) (finding "once plaintiffs have satisfied CAFA, the MMWA's additional requirements do not apply.).

[21]565 F. Supp. 3d 1135, 1143 (W.D. Mo. 2021).

[22]*Id.*

[23]*Id.*

[24]543 Fed.App'x 572, 574 (6th Cir. 2013).

[25]*Id.*

[26]*Dack*, 565 F. Supp. 3d at 1143.

### 2. CAFA Jurisdiction

"Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, *i.e.*, any class member and any defendant are citizens of different states; and there are at least 100 members in the class."[27] The only disputed factor here is whether the amount in controversy exceeds $5,000,000, which Defendant must establish by a preponderance of the evidence.[28]

When a defendant removes a civil action to federal court and its notice of removal includes a good faith, plausible allegation that the amount in controversy exceeds CAFA's jurisdictional threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court."[29] However, where the plaintiff contests the defendant's amount-in-controversy allegation, "'[r]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold."[30] "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."[31] "The party seeking to remove a case to federal court [under CAFA] bears the burden of establishing federal jurisdiction."

---

[27] *Westerfield v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

[28] *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012).

[29] *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

[30] *Id.* at 88. (quoting 28 U.S.C. § 1446(c)(2)(B).

[31] *Id.*; *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009).

Importantly, Defendant does "not have to prove by a preponderance that the amount in controversy *is* more than $5 million, but rather that a fact finder *might* legally conclude that it is."[32]  "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount."[33]

Defendant has failed to meet its burden to establish that the overall cost of the requested injunctive relief and declaratory judgment exceeds CAFA's amount-in-controversy threshold.

Defendant contends that the cost of the requested injunctive relief should be measured by the replacement value of all of its products sold in Arkansas during the relevant time period.[34]  In support of its theory, Defendant provides the affidavit of Jeanette Diamond, its North American Sales Finance Director, who asserts that between June 23, 2021 and July 29, 2022, Defendant had $5,114,279.55 in direct sales in Arkansas.[35]  Defendant asserts that, since Plaintiff alleges Defendant illegally voids the product warranty, where Defendant "agrees to repair or replace products with a manufacturing defect or failure, the maximum value of this right (and the amount in controversy) to each putative class member is the replacement value of the product."[36]  In support of this contention, Defendant points to Plaintiff's allegation that "Defendant's

---

[32]*Basham,* 979 F. Supp. 2d 883, 888 (emphasis added OR emphasis in original?).

[33]*Bell v. Hershey Co.*, 557 F3.d 953, 956 (8th Cir. 2009).

[34]Doc. No. 15.

[35]Doc. No. 15-2.

[36]Doc. No. 15.

7

anticompetitive practices enables it (and similarly-situated companies) to force consumers to buy new products through planned obsolescence."[37]

Additionally, Defendant suggests that Plaintiff's attorney fees, which can be added to the total amount for consideration under CAFA in this case, could exceed $1,000,000.[38]

Plaintiff seeks to declare Defendant's current warranty illegal and requests that it be ordered to stop enforcing the alleged prohibition on third party repairs. So, I agree with Plaintiff that the proper valuation of the amount in controversy is the difference between what Defendant currently pays in warranty costs and what it plausibly anticipates it would pay if the disputed third-party repair warranty provision is no longer enforceable.[39] It is true, the proper valuation may include replacement cost of products. Although unlikely, it might include replacement of every product sold during the relevant time period. Nonetheless, the proper cost estimate must include, at least some reference to, expenditures under the warranty as it is now exists. Defendant's estimate fails to take this crucial element into consideration in any way.

Defendant has not provided any information regarding the cost associated with allowing third party repairs compared to its current warranty expenditures. Accordingly, even considering the possible attorney's fees in the case, Defendant failed to meet its burden of establishing the

---

[37]*Id.*

[38]15 U.S.C. § 2310(d)(2) ("If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.").

[39]Doc. No. 19.

statutory minimum under CAFA by a preponderance of the evidence. Plaintiff's motion to remand is granted.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion to Remand (Doc. No. 8) is GRANTED. the Clerk of the Court is directed to REMAND this case to the Circuit Court of Lonoke County, Arkansas. Defendant's Motion to Dismiss (Doc. No. 10) is DENIED AS MOOT.

IT IS SO ORDERED this 4th day of October, 2022.

           ____BILLY ROY WILSON_____
           UNITED STATES DISTRICT JUDGE